UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PROGRESSIVE EXPRESS INSURANCE COMPANY,

Plaintiff,

v.

Case No. 2:25-cv-742-KCD-KRH

RAMON CAMEJO, RAMESH S. MAHARAJ, SHASHI MAHARJ, PERSONAL REPRESENTATIVE OF THE ESTATE OF KAMIN H. MAHARAJ, DECEASED, LEE TIMBER COMPANY, INC.;

Defendants,
_________________________________/

**ORDER**

This case stems from a fatal accident where a semi-truck pulling Defendant Lee Timber Company's logging trailer struck a passenger vehicle. Plaintiff Progressive Express Insurance Company brought this declaratory judgment action to resolve whether it has a duty to defend or indemnify Lee Timber in the ensuing wrongful-death lawsuit. (Doc. 5.)

Progressive has moved for summary judgment, arguing that its policy provides no coverage because Lee Timber's logging trailer was not being hauled by a covered truck. (*See* Doc. 63.) Now before the Court is Defendant Shashi Maharaj's motion defer consideration of the summary judgment request until after discovery closes. (Doc. 65.) For the reasons below,

Maharaj's motion is **GRANTED,** and she must respond to the pending motion no later than December 4, 2026.

As a general proposition, "the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997). Thus, "[i]f the documents or other discovery sought would be relevant to the issues presented by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials." *Snook v. Tr. Co. of Georgia Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988). These principles are codified in Federal Rule of Civil Procedure 56(d): "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: defer considering the motion or deny it; allow time to obtain affidavits or declarations or to take discovery; or issue any other appropriate order." *Id.*

Maharaj raises a question about whether Progressive's coverage was illusory. She points out that Lee Timber apparently paid a premium for an endorsement covering its logging trailers, despite owning no trucks capable of pulling them. To prove this setup rendered the coverage a phantom benefit under Florida law, Maharaj wants to see Progressive's underwriting files and premium calculations before responding to the summary judgment motion.

The Court is far from certain that Maharaj's illusory-coverage argument will carry the day. Progressive makes a straightforward (and forceful) argument grounded in the policy. But at this early juncture, the Court cannot say the defense is so entirely futile that Maharaj should be barred from even trying to prove it. Rule 56(d) seeks to prevent premature judgments when a party identifies outstanding discovery tied to a recognized legal theory. Maharaj has done exactly that. She is entitled to gather the facts before the Court decides whether those facts matter.

**ORDERED** in Fort Myers, Florida on November 9, 2026.

Kyle C. Dudek
United States District Judge